## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GWEN HUTTON, surviving spouse, heir-at-law and Administrator of the Estate of WILBUR HUTTON JR., deceased<br><br>      Plaintiffs,<br><br>vs.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC., f/k/a/ JANSSEN PHARMACEUTICAL INC. f/k/a ORTHO-MCNEIL-HANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY, BAYER HEALTHCARE PHARMACEUTICALS INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, and BAYER AG,<br><br>      Defendants. | Case No. 2:18-cv-2362 |

## NOTICE OF REMOVAL

Defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc., (collectively, the "Bayer Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of this action from the District Court of Johnson County, Kansas, where it is currently pending, to the United States District Court for the District of Kansas. As is addressed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties, and the Plaintiff demands more than $75,000 for their alleged injuries. Petition, Prayer for Relief, at 50, ¶1 (included as Exhibit A). In support of this removal, the Bayer Defendants state as follows:

## INTRODUCTION

1.      Plaintiff Gwen Hutton ("Plaintiff"), as surviving spouse, heir-at-law and Administrator of the Estate of Wilbur Hutton Jr. ("Decedent"), initiated this action on May 1, 2018 by filing a Petition in the District Court of Johnson County, Kansas.  The state-court action is Case No. 18-CV-02420.  Copies of all pleadings, processes, and orders in the state-court action are attached hereto as Exhibit A.

2.      In the Petition, Plaintiff alleges that the Decedent experienced injuries including "acute small intestine bleeding, acute blood loss, anemia and death" as a result of the Decedent's ingestion of the prescription drug Xarelto®.  *See* Petition, Exhibit A, ¶ 12.  Plaintiff also alleges that she and Decedent "suffered injuries, damages, harms and losses, including but not limited to pain and suffering and diminished enjoyment of life" and "personal injury, medical expenses, other economic harm, as well as loss of consortium, services, society, companionship, love and comfort" as a result of the Decedent's alleged injuries.  *Id.* ¶¶ 12, 101.  The Bayer Defendants deny Plaintiff's allegations.

3.      This is one of many product liability lawsuits filed in federal and state courts around the country concerning Xarelto, a medication used to reduce the risk of stroke in patients with nonvalvular atrial fibrillation, treat deep vein thrombosis and pulmonary embolism, and prevent blood clots following hip- and knee-replacement surgery.  On December 12, 2014, the Judicial Panel on Multidistrict Litigation concluded that centralization in a single federal-court forum was appropriate for these claims and issued an order establishing MDL Proceeding No. 2592, captioned *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, in the Eastern District of Louisiana. The MDL is for federal actions involving "allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking Xarelto."  JPML Transfer Order at 3, Exhibit B.  There are now

thousands of actions pending in, or being transferred to, the MDL.  The Bayer Defendants will seek the inclusion of this action in the MDL.

## GROUNDS FOR REMOVAL

4.     This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(a)(2).  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     There Is Complete Diversity Of Citizenship Between The Parties.

5.     At the time Plaintiff commenced this action, and at all times since, Plaintiff and Decedent were and are residents and citizens of Kansas.  *See* Petition, Exhibit A, ¶¶ 4–6, 11.

6.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Janssen Research & Development, LLC was and is a limited liability company whose sole member was and is Centocor Research & Development, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania.  Accordingly, Janssen Research & Development, LLC is a citizen of Pennsylvania for the purposes of diversity jurisdiction.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237 (10th Cir. 2015) (holding that the citizenship of a limited liability company is determined by the citizenship of its members); *see also Ambac Assurance Corp. v. Fort Leavenworth Frontier Heritage Communities, II, LLC*, 315 F.R.D. 601, 611 (D. Kan. 2016) (holding the same).

7.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Janssen Ortho LLC was and is a limited liability company whose sole member was and is OMJ PR Holdings, a corporation incorporated in Ireland with its principal place of business in Bermuda. Accordingly, Janssen Ortho LLC is a citizen of Ireland and Bermuda for purposes of diversity

3

jurisdiction. *See id.*; *see also Depex Reina 9 P'ship v. Texas Int'l Petrol. Corp.*, 897 F.2d 461, 464–65 (10th Cir. 1990) (holding that federal courts have original jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state" (citing 28 U.S.C. § 1332(a)(2))).

8.      At the time Plaintiff commenced this civil action, and at all times since, Defendant Janssen Pharmaceuticals, Inc. was and is a Pennsylvania corporation with its principal place of business in New Jersey.  Accordingly, Janssen Pharmaceuticals, Inc. is a citizen of Pennsylvania and New Jersey for the purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c) (for the purposes of determining citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

9.      At the time Plaintiff commenced this civil action, and at all times since, Defendant Johnson & Johnson, incorrectly named as Johnson & Johnson Company, was and is a New Jersey corporation with its principal place of business in New Jersey.  Accordingly, Johnson & Johnson is a citizen of New Jersey for the purposes of diversity jurisdiction.  *See id.*

10.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer HealthCare Pharmaceuticals Inc. was and is a Delaware corporation with its principal place of business in New Jersey.  Accordingly, Bayer HealthCare Pharmaceuticals Inc. is a citizen of Delaware and New Jersey for the purposes of diversity jurisdiction.  *See id.*

11.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer Corporation was and is an Indiana corporation with its principal place of business in New Jersey.  Accordingly, Bayer Corporation is a citizen of Indiana and New Jersey for the purposes of diversity jurisdiction.  *See id.*

12.     At the time Plaintiff commenced this civil action, and at all times since, Defendant

Bayer HealthCare LLC was and is a limited liability company whose members are and were Bayer

Medical Care Inc., NippoNex Inc., Bayer West Coast Corporation, Bayer Essure Inc., Bayer

Consumer Care Holdings LLC, Dr. Scholl's LLC, Coppertone LLC, MiraLAX LLC, and Bayer

HealthCare US Funding LLC, none of whom are or were citizens of Kansas.  At the time of filing,

the citizenship of each of the members of Defendant Bayer HealthCare LLC for the purposes of

determining diversity of citizenship, *see Siloam*, 781 F.3d at 1237, was and is as follows:

a.      Bayer Medical Care Inc., a Delaware corporation with its principal place of business in Pennsylvania;

b.      NippoNex Inc., a Delaware corporation with its principal place of business in New Jersey;

c.      Bayer West Coast Corporation, a Delaware corporation with its principal place of business in New Jersey;

d.      Bayer Essure Inc., a Delaware corporation with its principal place of business in New Jersey;

e.      Bayer Consumer Care Holdings LLC, a limited liability company, the sole member of which is Bayer East Coast LLC, whose sole member is Bayer US holding LP, a limited partnership in which Bayer World Investments B.V. is the sole General Partner and Bayer Solution B.V. is the sole Limited Partner.  Both Bayer World Investments B.V. and Bayer Solutions B.V. are Netherlands corporations with their principal places of business in the Netherlands;

f.      Dr. Scholl's LLC, a limited liability company, the sole member of which is Bayer Consumer Care Holdings LLC.  *See* ¶ 12(e).

g.      Coppertone LLC, a limited liability company, the sole member of which is Bayer Consumer Care Holdings LLC.  *See* ¶ 12(e).

h.      MiraLAX LLC, a limited liability company, the sole member of which is Bayer Consumer Care Holdings LLC.  *See* ¶ 12(e).

i.      Bayer HealthCare US Funding LLC, a limited liability company, the sole members of which are Bayer AG, Bayer Pharma AG, and Bayer World Investments B.V.   Bayer AG and Bayer Pharma AG are German corporations, each with its principal place of business in Germany.  Thus,

5

Bayer HealthCare US Funding LLC is a citizen of Germany and the Netherlands for purposes of determining diversity jurisdiction.

Accordingly, Bayer HealthCare LLC is not, and at the time of filing of the Petition was not, a citizen of Kansas for the purposes of diversity jurisdiction.

13. At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer AG was and is a foreign corporation with its principal place of business in Germany. Accordingly, for the purposes of diversity jurisdiction, Bayer AG is a citizen of a foreign state. *See* 28 U.S.C. § 1332(a)(3).

14. Effective as of July 1, 2016, Bayer HealthCare AG was merged into Bayer AG as universal successor. Bayer AG is a foreign corporation with its principal place of business in Germany. Accordingly, for the purposes of diversity jurisdiction, Bayer AG is a citizen of a foreign state. *See id.*

15. At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer Pharma AG was and is a foreign corporation with its principal place of business in Germany. Accordingly, for the purposes of diversity jurisdiction, Bayer Pharma AG is a citizen of a foreign state. *See id.*

16. Accordingly, this action involves "citizens of different States." 28 U.S.C. § 1332(a)(1). Decedent was a citizen of Kansas, and all Defendants are citizens of states other than Kansas. Given that none of the Defendants are citizens of the State of Kansas, removal of this action is proper under 28 U.S.C. § 1441(b).

**B.    The Amount-In-Controversy Requirement Is Satisfied.**

17. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because, "by the preponderance of the evidence," it is clear from the face of Plaintiff's Petition

8846442 v1

"that the amount in controversy exceeds [$75,000]."   28 U.S.C. § 1446(c)(2)(B); *see also* 28 U.S.C. § 1332(a).

18.     Plaintiff alleges that Decedent's ingestion of Xarelto resulted in "personal injury, medical expenses, other economic harm, as well as loss of consortium, services, society, companionship, love and comfort." Petition, Exhibit A, ¶ 101.  Decedent's alleged injuries include "serious and life threatening bleeding events including, inter alia, gastro-intestinal bleeds, bleeding events and death." *Id.* ¶ 34.  Plaintiff seeks recovery for "pain, suffering, emotional distress, loss of enjoyment of life, and other economic and non-economic damages," "medical expenses, out of pocket expenses, lost earnings, and other economic damages," and punitive damages. *Id.* at Prayer for Relief, ¶¶ 1–4.  It is clear from these serious allegations that Plaintiff seeks recovery in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2).

19.     Courts in this Circuit have concluded that diversity jurisdiction lies where a plaintiff alleges serious and permanent injuries similar to those alleged by Plaintiff here. *See, e.g.*, *McPhail v. Deere & Co.* 529 F.3d 947 (10th Cir. 2008) (holding that the amount in controversy requirement was satisfied in wrongful death suit by pleadings that supported the amount in controversy may have exceeded $75,000).  Plaintiff's claims for punitive damages further underscore that they seek in excess of $75,000. *See Allison v. Security Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (concluding that complaint alleging wrongful death satisfied the jurisdictional amount-in-controversy requirement); *see also* Kan. Stat. Ann. § 60-3701 (allowing for recovery of punitive damages).    Similarly, Kansas juries have returned verdicts well exceeding $75,000 in pharmaceutical product liability cases. *See Wooderson v. Ortho Pharm. Corp.* 681 P.2d 1038 (Kan. 1984) (affirming award of $2,000,000 in actual damages and $2,750,000 in punitive damages in a pharmaceutical products liability case).  Additionally, juries in the 10th Circuit have

7

also awarded far more than $75,000 in product liability cases concerning injuries resulting from the ingestion of pharmaceutical products.  *See, e.g.*, *Graham v. Wyeth Labs., Div. of Am. Home Prods. Corp.*, 906 F.2d 1399, 1403 (10th Cir. 1990) (jury awarded $15,000,000 to plaintiff who suffered "severe and irreversible" injuries from vaccine).

20.     Once the removing defendant has established the requisite "jurisdictional facts," the plaintiff must prove that it is "legally certain that less than $75,000 is at stake" to keep the case out of federal court.  *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (internal quotations omitted).  The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

21.     Here, Plaintiff alleges that Decedent suffered serious and permanent injuries, medical expenses, lost earnings, loss of enjoyment of life, loss of consortium, and punitive damages.   Courts in this Circuit have found that similar allegations satisfy the amount-in-controversy requirement by a preponderance of the evidence.  Moreover, juries in this District and in the 10th Circuit have returned verdicts far in excess of the jurisdictional threshold in pharmaceutical product liability cases.  As such, the amount in controversy in this action plainly exceeds the $75,000 jurisdictional requirement, exclusive of interests and costs.  *See* 28 U.S.C. § 1442(c)(2).

**C.     The Other Prerequisites For Removal Have Been Satisfied.**

22.     In addition to satisfying the requirements of diversity jurisdiction, the Bayer Defendants satisfied all other requirements for removal.

23.     Removal is timely because less than 30 days have passed since service of the Summons and Petition on the Bayer Defendants. *See* Summons, Exhibit A.  Plaintiff served Bayer

Corporation, Bayer HealthCare Pharmaceuticals Inc., and Bayer HealthCare LLC on July 10, 2018.  Plaintiff served Janssen Research & Development, LLC and Johnson & Johnson on June 20, 2018.  Janssen Research & Development, LLC and Johnson & Johnson consent to the filing of this Notice of Removal.  *See* Consent, attached as Exhibit C.

24.     Plaintiff attempted to serve Bayer AG, Bayer Pharma AG, and Bayer HealthCare AG (which effective as of July 1, 2016, was merged into Bayer AG as universal successor) via registered mail which is insufficient to effect service under international and German law.  *See* Attempted Service of Process on Bayer AG, Bayer Pharma AG, and Bayer HealthCare AG, collectively attached as Exhibit D. As such, Bayer AG, Bayer Pharma AG, and Bayer HealthCare AG have not been served with service of process in this action.

25.     In accordance with 28 U.S.C. § 1446(a), the Bayer Defendants attach hereto a copy of all state-court pleadings, including the Petition.  *See* Exhibit A.

26.     The Bayer Defendants jointly file this Notice of Removal, Janssen Research & Development, LLC and Johnson & Johnson consent to the filing of this Notice of Removal, and consent from the remaining unserved defendants is not required.  *See* Exhibit C; *see also* 28 U.S.C. § 1446(b)(2)(A).

27.     Venue for removal is proper in this District, *see* 28 U.S.C. § 1441(a)(2), because this District embraces the District Court of Johnson County, Kansas, the forum in which the removed action was pending, *see* 28 U.S.C. § 96.

28.     No defendant is a citizen of the State of Kansas, the State where this action was brought.  *See* 28 U.S.C. § 1441(b).

29.     In accordance with 28 U.S.C. § 1446(d), the Bayer Defendants will promptly provide written notice of the filing of this Notice of Removal to the Plaintiff and file a copy of this

9

Notice along with a Notice of Filing Notice of Removal with the Clerk of the District Court of Johnson County, Kansas, where this action is currently pending.

WHEREFORE, the Bayer Defendants give notice that the matter bearing Case No. 18-CV-02420 in the District Court of Johnson County, Kansas, is removed to the United States District Court for the District of Kansas, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted,

By: /s/ Sarah E. Lynch

Sarah E. Lynch, KS Bar # 21520
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri  64108
Telephone:     (816) 474-6550
Facsimile:     (816) 421-5547

COUNSEL FOR DEFENDANTS
BAYER CORPORATION, BAYER
HEALTHCARE LLC, and BAYER
HEALTHCARE PHARMACEUTICALS INC.

8846442 v1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on July 11, 2018, a true and correct copy of Notice of Removal was

served on the following via electronic mail and the U.S. Postal Service, postage prepaid, to:

> William P. Ronan, III
> The Ronan Law Firm
> 10740 Nall Ave. – Ste. 160
> Overland Park, KS  66211
> wpr@theronanlawfirm.com
>
> ATTORNEY FOR PLAINTIFF

By: /s/ Sarah E. Lynch
      Sarah E. Lynch

COUNSEL FOR DEFENDANTS
BAYER CORPORATION, BAYER
HEALTHCARE LLC, and BAYER
HEALTHCARE PHARMACEUTICALS INC.

8846442 v1